**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL EMORY RICHARDS,** | **)** | |
| **#08062136,** | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **3:09-CV-1059-K** |
| | **)** | |
| **LUPE VALDEZ, Sheriff of Dallas County,** | **)** | |
| **Respondent.** | **)** | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of habeas corpus brought by a county inmate pursuant to 28 U.S.C. § 2254.

Parties: At the time of filing this action, Petitioner was incarcerated at the Dallas County Jail. His whereabouts are presently unknown. No process has been issued in this case.

Findings and Conclusions: On June 15, 2009, the court issued a notice of deficiency and order to Petitioner, requiring him to pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*. The order cautioned Petitioner that failure to cure the deficiency would result in the dismissal of the petition for failure to prosecute. On June 29, 2009, the deficiency order was returned to the court with the notation return to sender, not in the Dallas County Jail. On July 13, 2009, the Clerk re-mailed the deficiency order to 3915 Cedardale Road, Dallas, Texas 75241,

an address listed on several of the attachments to the federal petition. As of the date of this recommendation, Petitioner has neither complied with the deficiency order, nor notified the court of his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has failed to keep the court appraised of his change address. The court is not required to delay disposition in this case until such time as Plaintiff provides his current address. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DISMISS the petition without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and DENY the motion to proceed *in forma pauperis* as moot.

A copy of this recommendation will be mailed to Petitioner at the address shown on the

docket sheet as well as to 3915 Cedardale Road, Dallas, Texas 75241.

Signed this 25th day of August, 2009.

Wm. F. Sanderson, Jr.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.